(37 Misc. Rep. 430.)

PEOPLE ex rel. LEVY et al. v. GROUT, Comptroller.

(Supreme Court, Special Term, New York County. February, 1902.)

CRIMINAL LAW—ASSIGNING COUNSEL TO DEFEND—ALLOWANCE FOR EXPENSES.
    Expense for an interpreter that counsel may understand his client and witnesses, but not expense for daily transcript of evidence, is allowable, under Cr. Code, § 308, providing, where counsel is assigned in a capital case, the court, besides counsel fee, may allow him his personal and incidental expenses.

Mandamus by the people, on relation of Levy & Unger, against Edward M. Grout, comptroller. Writ granted.

Levy & Unger (Henry W. Unger, of counsel), for relators.

George L. Rives, Corp. Counsel (Terence Farley, of counsel), for defendant.

LEVENTRITT, J. This is an application for a peremptory writ of mandamus requiring the comptroller to pay to the relators the sum of $696.31, as heretofore allowed by proper certificate of a judge of the court of general sessions. There is no dispute as to the item of $500, allowed under section 308 of the Code of Criminal Procedure to the relators as counsel fees for the defense of one Cuoco, an Italian, indicted and tried for murder, and whom they were directed to defend. The items in controversy are two: (1) An allowance of $100 for disbursements incurred in employing an Italian interpreter; and (2) an allowance of $96.30 for stenographer's minutes. Section 308 of the Criminal Code provides, where counsel is assigned in a case where the offense charged in the indictment is punishable with death, the court, over and above the counsel fee, "may allow such counsel his personal and incidental expenses upon a verified statement thereof being filed." In People ex rel. Cantwell v. Coler, 61 App. Div. 598, 70 N. Y. Supp. 755, recently affirmed on the opinion below (168 N. Y. 643, 61 N. E. 1132, memoranda), the appellate division construed this section to contemplate reimbursement only where the expense has been both personal and incidental; the court saying that "the word 'incidental,' as used in the statute, is associated with the word 'personal,' and is used conjunctively. Merely because such expenses have been incurred as would ordinarily be borne by a party defendant in the proper presentation of his case does not, under the limitations of the statute, justify casting the amount of such expenses on the county. The personal and incidental expenses are such as relate to those incurred by counsel on his personal account." In the Cantwell Case the expense disallowed was that incurred in employing expert witnesses. In this case, as a result of the duty cast upon counsel by their designation, they were compelled to employ an interpreter to understand their own client, as well as those witnesses who

did not speak the English language, and whom they proposed to place on the stand as witnesses. In this aspect I think the expense incurred for an interpreter was strictly a personal one,—personal in the sense that it was absolutely necessary for the counsel to incur it so that they could familiarize themselves with the case. The court having designated attorneys who did not speak the Italian language, the expense became personal to them, in that they could not discharge the duty they were required to perform without being informed what their client and his witnesses were talking about. Had the court designated counsel familiar with the language of the accused, counsel would not have incurred personal expenditure on this score, just as an attorney who lived near the scene of the crime would have to incur no personal expenditure in visiting it, or as an attorney who lived in the county where trial was to be had would have to incur no additional personal expenditure for living expenses. I am of the opinion that the item of $100 should be allowed. As to the item for stenographer's minutes I am of opinion that this should be disallowed. The transcript charged for was furnished day by day during the trial on the sole authority and request of the attorneys. This is not such an item of expenditure as is even regularly incurred by parties defendant possessed of means. While, in a proper case, stenographer's minutes may, in the case of an indigent prisoner taking an appeal, be directed by the judge to be furnished counsel and the expense charged on the county (People v. Willett, 3 N. Y. Cr. R. 54), there is certainly no authority, without authorization from the court, to incur the exceptional expense of daily transcripts. Such an expense is not personal, and there is grave doubt whether it is incidental.

It follows that the first item should be allowed, and the second rejected. Writ ordered accordingly. No costs.