In the Matter of the Application of HENRY A. MONFORT, Appellant, for a Writ of Mandamus, Directed to EDWARD M. GROUT, as Comptroller of the City of New York, Respondent.

*Allowance to counsel assigned to defend an alleged murderer — $500 may be allowed for compensation in addition to personal and incidental expenses — a survey and diagram of the place of the murder is a personal and incidental expense.*

Under section 308 of the Code of Criminal Procedure, relative to the allowance which the court may make to an attorney assigned to defend a person accused of murder for his compensation and for his personal and incidental expenses, the court may allow the attorney the sum of $500 for his compensation and a further sum for his personal and incidental expenses.

An item of $10, incurred by the attorney in procuring for his personal use in preparation of the case for trial an accurate survey and diagram of the basement of the house in which the homicide was committed, is a personal and incidental expense of the attorney within the meaning of section 308.

APPEAL by the petitioner, Henry A. Monfort, from an order of the Supreme Court, made at the Queens County Special Term and entered in the office of the clerk of the county of Queens on the 3d day of October, 1902, denying an application for a peremptory writ of mandamus directing the comptroller of the city of New York to pay the petitioner's claim.

*Henry A. Monfort*, appellant, in person.

*James McKeen*, for the respondent.

HIRSCHBERG, J. :

The relator was assigned as counsel to defend one Anderson on the trial of an indictment for murder in the first degree. After the indictment was finally disposed of, he was allowed by the court having jurisdiction the sum of $500 for his services, and the additional sum of $24.10 for his personal and incidental expenses, in pursuance of the provisions of section 308 of the Code of Criminal Procedure. The comptroller of the city of New York refused to pay more than the sum of $514.10, claiming that the additional item of $10 was not allowed as a personal and incidental expense. The order appealed from denies the relator's application for a writ of peremptory mandamus requiring the payment of the entire claim, and counsel agree that it was made upon the authority of *People ex*

*rel. Cantwell* v. *Coler* (61 App. Div. 598; affd. on opinion below, 168 N. Y. 643).

The item in dispute here relates to a trifling expense incurred by the relator in procuring for his personal use in the preparation for the trial an accurate survey and diagram of the basement of the house where the homicide was committed. In the *Cantwell* case the disputed item was the sum of $950, a liability which the relators claimed to have incurred as the compensation due to expert witnesses. There is no analogy between the two items, notwithstanding the fact that the diagram referred to was offered in evidence by the relator upon the trial. That it was subsequently used as evidence does not militate against the fact that its cost represented a reasonable personal and incidental expense of the relator within the meaning of the provision of the Code. I think it comes fairly within the limitations suggested by the language of Mr. Justice PATTERSON in the *Cantwell* case, at page 599, viz.: "The personal and incidental expenses for the payment of which provision is made are such as relate to those incurred by counsel on his personal account. The word 'incidental,' as used in the statute, is associated with the word 'personal,' and is used conjunctively. It does not confer authority upon the counsel to make contracts of a special character involving a large liability to be cast upon the county, for by the section of the Code cited the compensation and the personal and incidental expenses of counsel are made a county charge. The word 'incidental,' as used in the statute, must be construed in accordance with its ordinary meaning, which is: 'Of minor importance, occasional, casual, as incidental expenses;' 'something subordinate or casual; often used in the plural to mean minor expenses.' (Century Dict.)"

The cost of the survey and diagram in question comes strictly within the construction of the statute given in the case cited as an item of minor expense incidentally incurred on the personal account and for the personal use of the relator. There is nothing in the decision of this court in the case of *Driggs* v. *City of New York* (72 App. Div. 632) in conflict with this view. In that case it was impossible to tell what items were allowed and what were rejected upon the trial, and many of them were unquestionably within the condemnation of the *Cantwell* case.

The learned counsel for the respondent further contends that the power conferred by the statute is limited to the allowance of the sum of $500, to include both services and expenses. This construction does not appear to have been adopted by the court in the *Cantwell* case, and is not in accord with the course of the legislation. The original enactment on the subject merely provided for the assignment of counsel. (Laws of 1881, chap. 442.) By a subsequent amendment provision was made for the award to such counsel of "reasonable compensation for his services." (Laws of 1893, chap. 521.) The final amendment, by chapter 427 of the Laws of 1897, added two new features, one limiting the amount to be paid for services at the sum of $500, and the other adding as a lawful item to be allowed the counsel the amount of his personal and incidental expenses, to be determined "upon a verified statement thereof" to be filed with the clerk of the court. While the language of the Code is possibly capable of a different interpretation, the one herein suggested seems more consonant to the purposes intended and more consistent with the accurate use of the word "also" in joining the allowance for the services with the allowance for expenses.

This view appears to have been adopted and enforced by the Court of Appeals in issuing certificates for compensation and expenses of counsel on appeal, the only authority therefor being the section of the Criminal Code under consideration. (See *People* v. *Barone*, 161 N. Y. 451, 477, and *People* v. *Ferraro*, 162 id. 545.)

The order should be reversed and the motion for a peremptory writ granted.

Goodrich, P. J., Bartlett, Woodward and Jenks, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion for peremptory writ granted, with costs.