(121 App. Div. 402.)

### PEOPLE v. SIMPSON.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

APPEAL—RIGHT TO REVIEW—PERSONS ENTITLED.

> A county treasurer, not a party to an application for an allowance for counsel fees for defending one charged with murder, cannot appeal from the allowance constituting, under Code Crim. Proc. § 308, a charge on the county, payable on the certificate of the justice presiding at the trial.

Appeal from Special Term, Suffolk County.

Martin T. Manton, appointed to defend James W. Simpson, on trial for murder in the first degree, applied for an allowance for fees and expenses. From an order making the allowance, Henry S. Brush, as county treasurer, appeals. Dismissed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Timothy M. Griffing, for appellant.
Martin T. Manton, in pro. per.

HIRSCHBERG, P. J. The respondent was duly assigned as counsel to defend James W. Simpson, who was indicted in the county of Suffolk for the crime of murder in the first degree. The accused was thereafter tried and acquitted. Subsequently an application was made to the Supreme Court at Special Term, by the respondent, upon notice to the district attorney for an allowance of counsel fees and his personal and incidental expenses. The application resulted in an order granting to the respondent an allowance in the sum of $500 and certain items of disbursements, including expert fees.

By section 308 of the Code of Criminal Procedure, the allowance made to the counsel becomes a charge upon the county, and the order requires the appellant, as county treasurer, to pay the sum allowed. That official was not a party, however, to the motion, nor has he been substituted or made a party in any way. I do not think he has any connection with the case, which makes him an aggrieved party within the meaning of the provisions of the Code of Civil Procedure, or that he has any standing authorizing him to take this appeal.

The appeal should be dismissed, with $10 costs and disbursements. All concur.