BARTHOLOMEW MOYNAHAN, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

When transcript of minutes in criminal case furnished by direction of presiding judge is not a county charge.

Although an order was made by the judge presiding at a criminal trial in 1904, on which trial the defendant was convicted of murder in the second degree, directing the stenographer to furnish a transcript of his minutes from day to day for the defendant's attorney, it was not then a county charge under either section 86 of the Code of Civil Procedure or section 456 of the Code of Criminal Procedure.

*Moynahan* v. *City of New York*, 140 App. Div. 911, reversed.

(Argued March 8, 1912; decided April 9, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 2, 1910, affirming a judgment in favor of plaintiff, entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Archibald R. Watson, Corporation Counsel* (*Clarence L. Barber* and *Terence Farley* of counsel), for appellant. There is no basis for the filing of a copy of the stenographer's minutes in the clerk's office at the public expense. (*Baker* v. *City of New York*, 56 App. Div. 350; *People* v. *Heiselbetz*, 30 App. Div. 199; *People ex rel. Hennessy* v. *Coler*, 65 App. Div. 217.) The city is not liable for a copy of stenographer's minutes delivered to the attorney for the accused even though ordered by the judge. (*Reining* v. *City of Buffalo*, 102 N. Y. 308; *Curry* v.

*City of Buffalo,* 135 N. Y. 366; *Schleicher* v. *City of Mt. Vernon,* 107 App. Div. 584; *Biggs* v. *City of Geneva,* 100 App. Div. 25; *Williams* v. *City of New York,* 130 App. Div. 182; *Watts* v. *City of New York,* 133 App. Div. 400.)

*L. Laflin Kellogg* and *William K. Hartpence,* for respondent. The plaintiff should recover for a copy of the minutes furnished by him from day to day during the course of the trial under the order of the justice presiding thereat. (Code Civ. Pro. § 85; *People ex rel. Allison* v. *Bd. of Education,* 26 App. Div. 208.) The plaintiff should recover for the copy of the stenographer's minutes furnished by him and filed with the clerk of the court. (Code Civ. Pro. § 3311; L. 1860, ch. 135.)

HISCOCK, J. This action, like a similar one considered at this term, is brought by the respondent as an official stenographer in one of the parts of the Supreme Court in the county of New York to recover fees for furnishing transcripts of his minutes taken on the trial of a defendant in said part charged with the crime of murder in the first degree and convicted of murder in the second degree. The two copies for which he has been permitted to recover were furnished, one upon an order of the presiding judge to the defendant's counsel, and the other to the county clerk. For the first copy he has been allowed to recover at the double rate of twenty cents per folio and for the latter copy at the regular rate of ten cents per folio. A verdict was directed for the amount of both claims and, therefore, although the affirmance has been unanimous, it is open to us to consider whether there was any evidence which sustained such recovery. I think there was not.

The evidence discloses without contradiction that the respondent apparently prepared four copies of his minutes from day to day. Aside from the copies here involved, one copy was furnished to the district attorney and one to the presiding justice. While one of the copies here involved is claimed to have been furnished upon an

order of the justice and in the complaint is alleged to have been furnished "pursuant to an order so made" without stating for whose benefit it was actually prepared and to whom delivered, it clearly appeared on the trial that it was made for and delivered to the defendant's attorney. The justice was provided with still another copy for his own use. The evidence leaves no doubt on this question, and compels the respondent to stand on the proposition that he can make the city pay for a transcript of stenographer's minutes furnished to defendant's attorney on such a trial as this was. No statutory provision has been called to my attention or discovered authorizing any such claim. At the time this trial took place there were two provisions relating to this subject. Section 86 of the Code of Civil Procedure provided that "Each stenographer, specified in this act, must * * * upon request, furnish, with all reasonable diligence, to the defendant in a criminal cause, * * * a copy, written out at length from his stenographic notes, of the testimony and proceedings * * * upon the trial or hearing, upon payment, by the person requiring the same, of the fees allowed by law." This section obviously does not make respondent's transcript a county charge. The other provision was section 456 of the Code of Criminal Procedure, which provided: "Where the defendant is convicted of a crime punishable by death, the stenographer, within ten days after the judgment has been pronounced, shall furnish to the attorney for the defendant, at his request, a copy of the stenographic minutes of the entire proceedings upon the trial. The expense of such copy shall be a county charge," etc. This section does not cover the claim as the defendant on said trial was only convicted of murder in the second degree.

The order made by the presiding judge, requiring the respondent to furnish a transcript of his minutes from day to day, even if intended to be applicable to this transcript of the minutes, does not sustain respondent's claim. Certainly in view of the specific provisions upon this sub-

ject we cannot hold that the justice had any inherent power to order a copy of the minutes to be supplied to the defendant's attorney at the public expense. The statutes have now been so amended as explicitly to provide that on appeal from a judgment entered on a verdict convicting a defendant of a crime not punishable with death a stenographer may be required to file with the clerk a transcript of his minutes.

What was said in the other case brought by the respondent against this appellant upon the subject of his inability to make the latter pay for the transcript of his minutes filed with the county clerk is applicable to this case, and renders unnecessary any further discussion of that item.

In accordance with these views the judgment should be reversed and a new trial granted.

CULLEN, Ch. J., GRAY, VANN, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur.

Judgment reversed, etc.