## EDWARDS v. PRENDERGAST.

(Supreme Court, Special Term, Kings County. September 28, 1912.)

Costs (§ 312*)—Trial—Counsel for Accused—Allowances—Stenographer's Minutes—"Personal and Incidental Expenses."

Where relator was assigned as counsel for accused after the proceedings before the committing magistrate, and was not counsel at the trial of joint defendants, and had no information except the general charge in the indictment and such other information as the defendant, unable to speak English, could furnish, the court properly allowed him $22, paid for the stenographer's minutes before the committing magistrate and for the minutes of the testimony of a particular witness, jointly indicted with accused, but separately tried, since the statutory term, "personal and incidental expenses," is not to be limited to car fares, hotel bills, postage, telephone items, etc., but includes items of minor expenses incurred on the personal account and for the personal use of counsel in his preparation for trial.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1161–1165; Dec. Dig. § 312.*

For other definitions, see Words and Phrases, vol. 6, p. 5339.]

Mandamus by Clarence Edwards against William A. Prendergast, as Comptroller of the City of New York. Writ allowed.

Clarence Edwards, of Elmhurst, in pro per.

Archibald Watson, Corp. Counsel (James Malone, of New York City, of counsel), for defendant.

KELBY, J. The relator applies for a peremptory writ of mandamus directing the comptroller to pay him $522.20 awarded him by an order of the Supreme Court as compensation for services and for personal and incidental expenses in a homicide defense. The question is only as to $22.20, which relator paid for the stenographer's minutes before the city magistrate on the commitment of the accused, and for the minutes of the testimony of a particular witness, jointly indicted with his client, but separately tried.

I do not think the statutory term, "personal and incidental expenses," is to be limited merely, as respondent claims, to "personal expenses," car fares, hotel bills, postage, telephone, telegrams—"items which the court almost sees as they are incurred." It includes items of minor expense incurred on the personal account and for the personal use of the counsel in the preparation of the case for trial. Matter of Montfort, 78 App. Div. 567, 568, 79 N. Y. Supp. 765. In that case an award of $10 incurred by the attorney in procuring for his personal use, in the preparation of the case for trial, a survey and diagram of the scene of the homicide, was sustained. In People ex rel. Levy v. Grout, 37 Misc. Rep. 431, 75 N. Y. Supp. 290, it was indicated, illustratively, that traveling expenses of an attorney not living near the scene of crime would be within the statute, and the expense ($100) of employing an

Italian to interpret between an attorney, who did not understand Italian, and an accused who did not speak English (as are the facts in the present case), was upheld.

In the present case it was necessary, in order that the counsel might properly defend his client, that he should acquaint himself beforehand with the facts of the crime charged. As he was assigned after the proceedings before the committing magistrate, and was not counsel at the trial of the joint defendants, and had no information except the general charge on the indictment and such other information as the defendant, unable to use the English language, could furnish, he was necessarily compelled to seek the additional means of knowledge, which he did.

The respondent's reliance upon Moynahan v. City of N. Y., 205 N. Y. 194, 98 N. E. 487, is unsupported by anything that was there expressly or impliedly decided. There it was held that to direct that a daily transcript of the stenographer's minutes be furnished to the defendant was beyond the power of the trial judge under the statutes regulating the charges for trial minutes. The statute involved in the case at bar was not there involved or mentioned.

Writ allowed, with $10 costs.