### In re KENNEY.

(Supreme Court, Appellate Division, Second Department. November 15, 1912.)

1. COURTS (§ 57*)—STENOGRAPHERS—FEES—TRANSCRIPT FURNISHED DURING TRIAL.

The court stenographer may not, though on order of the court, furnish, at expense of the county, to an attorney assigned to defend a poor person charged with murder, a transcript of the minutes from day to day during the progress of the trial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 198–200; Dec. Dig. § 57.*]

2. MANDAMUS (§ 187*)—PERSONS ENTITLED TO REVIEW.

The comptroller of the city of New York, made a party to a motion for peremptory mandamus to compel him to pay as a county expense items of disbursements by an attorney assigned to defend a poor person, may properly appeal.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 427–437; Dec. Dig. § 187.*]

Appeal from Special Term, Richmond County.

Application by John J. Kenney for peremptory writ of mandamus to compel William A. Prendergast, Comptroller of the City of New York, to pay certain moneys. From an order granting the motion, the Comptroller appeals. Reversed, and motion denied.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Clarence L. Barber, of New York City (Terence Farley, of New York City, on the brief), for appellant.

Bertram G. Eadie, of New Brighton, for respondent.

HIRSCHBERG, J. The relator, an attorney and counselor at law, having been duly assigned to defend a poor person under indictment for murder in the first degree, conducted the defense at a trial last-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing for a period of eight days and resulting in the conviction of the defendant of the crime of manslaughter in the first degree. The trial was had in the county of Richmond, and terminated on the 28th day of November, 1911. Thereafter the relator filed with the clerk of the county an affidavit setting forth the items of his personal and incidental expenses necessarily incurred in the defense, and, the same not having been paid to him by the comptroller of the city of New York, he procured an order of the court requiring that official to show cause why a peremptory writ of mandamus should not issue to compel the audit and payment of the items referred to. On the return of the order to show cause, the order appealed from was duly entered on the 9th day of February, 1912, requiring such payment.

There are only two items in dispute; the comptroller being willing to pay, and having tendered to the relator payment, for all the other items of the relator's claim. The disputed items are $50 for the services of an interpreter, apparently prior to the trial, and the sum of $284.20 for a transcript of the minutes furnished to the relator from day to day during the progress of the trial; the justice presiding at the trial having ordered the same to be furnished to him as a county charge. In reference to the item for the services of the interpreter, it is sufficient to say that the comptroller has allowed a similar item for the services of the interpreter who attended at the trial in the interest of the defense, and the papers do not show that the additional item claimed was necessary and proper, or incurred under circumstances which rendered it legally chargeable against the county.

[1] In reference to the item for the expense of the stenographer's minutes, it must be conceded that the decision in Moynahan v. City of New York, 140 App. Div. 911, 125 N. Y. Supp. 1132, was at the time of the granting of the order appealed from ample authority for the order requiring the transcript to be furnished as a county charge. Since the granting of the order appealed from, however, that case has been reversed by the Court of Appeals (see Moynahan v. City of New York, 205 N. Y. 194, 98 N. E. 487); the court holding on the reversal that, though an order was duly granted therein requiring the stenographer to furnish from day to day a transcript of his minutes to the attorney assigned for the defense, the expense incurred is not chargeable to the county. It was further held that the justice presiding at the trial has no inherent power to order a copy of the minutes to be supplied to the defendant's attorney at the public expense.

[2] The only point made by the respondent is that the certificate of the presiding justice, requiring the payment of the claim, is final, and that the appellant has no standing in the case or connection with the order which authorizes the maintenance of the appeal. The authority cited by the respondent (People v. Simpson, 121 App. Div. 402, 403, 106 N. Y. Supp. 45), is not in point. The appeal in that case was taken by the treasurer of the county of Suffolk, and the appeal was dismissed because that official was not a party to the motion by virtue of which the order appealed from was granted, nor

had he been substituted or made a party to the motion in any way. In the case at bar the appellant was, as has been said, a party to the motion, and as the official representative of the city is clearly entitled to be heard on the appeal.

The order should be reversed, and the motion denied.   All concur.