## SUPREME COURT—APP. DIVISION—SECOND DEPT.,

### November, 1912.

## MATTER OF JOHN J. KENNY v. WILLIAM A. PREN-DERGAST, COMPTROLLER.

### (153 App. Div. 325.)

(1.) MURDER—EXPENSES OF ATTORNEY ASSIGNED TO DEFEND POOR PERSON—SERVICES OF INTERPRETER.

A claim by an attorney, assigned to defend a poor person indicted for murder in the first degree, for the services of an interpreter, apparently rendered prior to the trial, should not be allowed by the county, where it appears that a similar item has been paid for the services of an interpreter at the trial in the interest of the defense, and the papers do not show that the additional item claimed was necessary and proper.

(2.) SAME—TRANSCRIPT OF MINUTES WHEN NOT COUNTY CHARGE.

Although an order has been granted in such an action requiring the stenographer to furnish from day to day a transcript of his minutes to the attorney assigned for the defense, the expense incurred is not chargeable to the county.

APPEAL by William A. Prendergast, comptroller of the city of New York, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Richmond on the 17th day of February, 1912, granting the petitioner's motion for a peremptory writ of mandamus.

*Clarence L. Barber* (*Terence Farley* and *Archibald R. Watson* with him on the brief), for the appellant.

*Bertram G. Eadie,* for the respondent.

HIRSCHBERG, J.:

The relator, an attorney and counselor at law, having been duly assigned to defend a poor person under indictment for murder in the first degree, conducted the defense at a trial lasting for a period of eight days and resulting in the conviction of the defendant of the crime of manslaughter in the first degree. The trial was had in the county of Richmond and terminated on the 28th day of November, 1911. Thereafter the relator filed with the clerk of the county an affidavit setting forth the items of his personal and incidental expenses necessarily incurred in the defense, and the same not having been paid to him by the comptroller of the city of New York, he procured an order of the court requiring that official to show cause why a premptory writ of mandamus should not issue to compel the audit and payment of the items referred to. On the return of the order to show cause the order appealed from was duly granted on the 9th day of February, 1912, requiring such payment.

There are only two items in dispute, the comptroller being willing to pay, and having tendered to the relator payment, for all the other items of the relator's claim. The disputed items are $50 for the services of an interpreter, apparently prior to the trial, and the sum of $284.20 for a transcript of the minutes furnished to the relator from day to day during the progress of the trial, the justice presiding at the trial having ordered the same to be furnshed to him as a county charge.

In reference to the item for the services of the interpreter, it is sufficient to say that the comptroller has allowed a similar item for the services of the interpreter who attended at the trial in the interest of the defense, and the papers do not show that the additional item claimed was necessary and proper, or incurred under circumstances which rendered it legally chargeable against the county.

In reference to the item for the expense of the stenographer's

minutes, it must be conceded that the decision in Moynahan v. City of New York (140 App. Div. 911), was at the time of the granting of the order appealed from ample authority for the order requiring the transcript to be furnished as a county charge. Since the granting of the order appealed from, however, that case has been reversed by the Court of Appeals (see Moynahan v. City of New York, 205 N. Y. 194), the court holding on the reversal that though an order was duly granted therein requiring the stenographer to furnish from day to day a transcript of his minutes to the attorney assigned for the defense, the expense incurred is not chargeable to the county. It was further held that the justice presiding at the trial had no inherent power to order a copy of the minutes to be supplied to the defendant's attorney at the public expense.

The only point made by the respondent is that the certificate of the presiding justice, requiring the payment of the claim, is final and that the appellant has no standing in the case or connection with the order which authorizes the maintenance of the appeal. The authority cited by the respondent (People v. Simpson, 121 App. Div. 402) is not in point. The appeal in that case was taken by the treasurer of the county of Suffolk, and the appeal was dismissed because that official was not a party to the motion by virtue of which the order appealed from was granted, nor had he been substituted or made a party to the motion in any way (p. 403).

In the case at bar the appellant was, as has been said, a party to the motion and as the official representative of the city is clearly entitled to be heard on the appeal.

The order should be reversed and the motion denied.

JENKS, P. J., BURR, WOODWARD and RICH, JJ., concurred.

Order reversed, without costs, and motion denied, without costs.