(80 Misc. Rep. 321.)

PEOPLE ex rel. VAN ZANDT et al. v. PRENDERGAST, City Comptroller.

(Supreme Court, Special Term for Motions, Kings County. April 14, 1913.)

COSTS (§ 312*)—CRIMINAL CASES—ASSIGNED COUNSEL FOR ACCUSED—"PERSONAL AND INCIDENTAL EXPENSES."

> Code Cr. Proc. § 308, provides that the court may allow to assigned counsel in a capital case his "personal and incidental expenses," upon a verified statement filed with the clerk, and also reasonable compensation for service, not exceeding $500, such allowance to be a charge on the county. Counsel assigned to the defense of accused, charged with murder in the first degree for having turned on the gas in the room where her children were sleeping to cause their death and her own, incurred personal expenses of $50 to each of two physicians for services, and a further expense of $100 to each for attendance at the trial for two days. Held, that the allowance of "personal and incidental expenses" should include all minor expenses incurred on the personal account and for the personal use of counsel in the proper and necessary preparation of the case for trial, and that the expenses for conferences and attendance were allowable, but that items for typewriting and subpœna fees were not allowable.

> [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1161–1165; Dec. Dig. § 312.*

> For other definitions, see Words and Phrases, vol. 6, p. 5339.]

Mandamus by the People of the State of New York, on the relation of Frederick N. Van Zandt and others, against William A. Prendergast, as Comptroller of the City of New York. Writ of peremptory mandamus granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frederick N. Van Zandt, of New York City, for petitioners.

James D. Bell and Charles J. Druhan, both of Brooklyn, for respondent.

KELBY, J.   The relators were duly assigned as counsel to defend one Sarah Sypher, charged with murder in the first degree.   She had turned on the gas in the bedroom where her children were sleeping, for the purpose of causing their death and her own, in the belief that all would be happier thus than to remain alive.   It was necessary to have the benefit of the scientific knowledge of medical experts on the facts, and counsel incurred a personal expense of two doctors, of $50 each, for services and conferences before the trial, and in the preparation therefor, and a further expense of $100 each for attendance on the trial, for two days.

Under the authority of section 308 of the Code of Criminal Procedure, the trial judge allowed counsel a fee in the sum of $500, and also allowed personal and incidental expenses to them, in the sum of $149.20, made up of the two items of $50 each and some other expenses, and disallowed the further items of $100 each.   The comptroller has refused to pay these expenses, and the case of People ex rel. Cantwell v. Coler, 61 App. Div. 598, 70 N. Y. Supp. 755, affirmed on opinion below 168 N. Y. 643, 61 N. E. 1132, is cited on his behalf; but I do not think it supports his refusal.   That was an instance of large fees to expert witnesses, who testified on the trial as to handwriting.   It was said that the statute did not confer authority upon counsel to make contracts of a *special* character involving a *large* liability upon the county.   The items which the comptroller refuses to pay in this present case were not special or extraordinary, but necessary and ordinary in the trial of such issues; nor do they appear large, either by the somewhat familiar scale of medical expert fees or by the light of any evidence or comparison furnished by the comptroller, who in fact furnishes none.

The definition which in the Cantwell Case was given by the court of "personal and incidental expenses" does not indicate that the interpretation of the statute is not to be fairly liberal, in order to further and effectuate its plain purpose of having the defense of an indigent, accused and in peril of his life, properly prepared and carefully conducted.   In that the state, as well as the accused has an interest, and the judge presiding at the trial is empowered to allow and limit the expenses which may be necessary.   The allowance of "personal and incidental expenses" should include all minor expenses incurred on the personal account and for the personal use of the attorney in the proper and necessary preparation of the case for trial.   People ex rel. Levy v. Grout, 37 Misc. Rep. 431, 75 N. Y. Supp. 290, Matter of Monfort, 78 App. Div. 567, 79 N. Y. Supp. 765; Edwards v. Prendergast, 141 N. Y. Supp. 254.

In the Levy Case it was indicated illustratively that traveling expenses of an attorney to the scene of the alleged crime would be proper, and the necessary expenses of employing an interpreter for an accused Italian was allowed.   The Edwards Case was somewhat similar, and there the items allowed also included the cost of stenographic minutes

covering earlier steps in the prosecution of the crime, before the counsel assigned had become connected with the case. In the Monfort Case the facts somewhat resemble those at bar. There a professional man was employed to accurately inform assigned counsel, before the trial, of the physical situation and condition of the place of the homicide, by means of a survey and diagram; while in the present case professional men were employed, before the trial, to furnish counsel with proper and scientific information concerning the condition of the defendant's mind, so that they might be able to decide upon and establish such defense as might be fairly offered and upheld in her behalf. They would not have done their duty to the defendant, or probably succeeded, as they have, in securing her acquittal, had they restricted their preparation, as suggested, to an examination of "a medical work on insanity" and such knowledge as might be gained therefrom.

In People v. Simpson, 121 App. Div. 403, 106 N. Y. Supp. 45, the opinion of Mr. Justice Kelly, which is in the record on that appeal, mentions several unreported instances of allowances in this department for fees paid medical experts, and he allowed substantial sums therefor in that case, and also substantial fees to experts called to testify to the mechanism and working of shotguns; the defense being accidental discharge of a gun.

To the extent indicated, therefore, the writ is allowed. The others, items for typewriting and subpœna fees, are such as are not allowable.

Motion granted. Settle order on notice.