THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LILA JIMERSON, Defendant.

Supreme Court, Erie County, May 4, 1931.

Guy B. Moore, District Attorney, for the plaintiff.

John S. McGovern and Thomas F. Rogers, for the defendant.

HINKLEY, J.  The above-named defendant was tried and acquitted of the crime of murder in the first degree.  Upon a previous trial in the County Court, resulting in a disagreement by the jury, the defendant appeared by counsel duly assigned who were compensated by the court.  Subsequently defendant retained other counsel who, as the court is informed, served without compensation.

After the trial before this court had commenced, defendant petitioned as an indigent person for an order directing the county treasurer of Erie county to pay various expenses incident to the trial.  Upon that petition, an order was issued out of this court directing the county treasurer to pay such persons such sums as the court would approve upon presentation of proper vouchers.

Among the vouchers presented at this time are two by expert witnesses upon handwriting sworn by the defendant upon the trial.

The prosecution swore no expert witnesses on handwriting, but introduced testimony of certain lay witnesses who swore that they had personal knowledge that the defendant had written alleged incriminating letters.  The defendant denied writing these letters and the two handwriting experts above mentioned testified that, in their opinion, the letters were not in the handwriting of the defendant.

The district attorney objects to the payment of the claims of the handwriting experts for services upon the ground that the court is without authority to approve their vouchers.

The statute germane to this question is a portion of section 308 of the Code of Criminal Procedure which reads as follows, to wit: " In any case in which experts may be employed as witnesses and in case it shall appear to the satisfaction of the court or a judge thereof that the defendant is not financially able to employ experts, the court to which the indictment is presented or sent or removed for trial of a judge or justice thereof may direct the employment of expert witnesses for the defendant in number not exceeding the

number sworn or to be sworn for the prosecution at an expense in the aggregate of not exceeding the sum of ten hundred dollars. Allowance under this section shall be a charge upon the county in which the indictment in the action is found, to be paid out of the court fund, upon the certificate of the judge or justice presiding at the trial or otherwise disposing of the indictment, or upon the certificate of the appellate court, but no such allowance shall be made unless an affidavit is filed with the clerk of the court by or on behalf of the defendant, showing that he is wholly destitute of means."

The Court of Appeals, in the opinion of Judge CARDOZO, in *Matter of Reilly* v. *Berry* (250 N. Y. 456), has clearly defined the scope and definitely indicated the legislative intent in the statute above quoted. By that judicial construction, compensation from the government can only be paid to expert witnesses for indigent defendants in the event that expert witnesses are necessary, both for the prosecution and for the defense. The court acknowledged the possibility of the unfairness of this construction and among the many hypothetical instances may have had in mind a situation similar to the one now confronting this court.

The claim for compensation of the handwriting experts sought in the above-entitled action must be disallowed for the reasons above set forth.