John J. Walsh, J.
This is an application by an attorney assigned to a defendant in a capital case for an order directing the Oneida County Comptroller to pay to the William J. Burns International Detective Agency, Inc., the sum of $1,498.16 for services rendered by that agency at the request of the attorney assigned to the defendant.
There is no doubt that the said services were rendered as asked for, nor is there a question about the reasonableness of the charge made for the extensive work performed. Neither is there much question that the services rendered were important to the indigent defendant.
He had originally in 1958 been convicted of the crime of murder in the second degree on the indictment charging murder in the first degree. This conviction was reversed by the Court of Appeals in 1961 (9 N Y 2d 924) and the case remitted to this court for a new trial which in 1962 resulted in a verdict of acquittal by a jury. In this respect, it is to be presumed that the work of the private investigators was certainly of some value in his defense.
No application was made to this court prior to the retaining of the Burns Agency by counsel for permission to secure such service at county expense. .Counsel received an allowance of $1,000 for his services in connection with the defense and it is obvious that if he is required to make this payment himself he will have to pay for the privilege of defending an indigent defendant.
But, however much this may appeal to a court’s conscience, “ only clear warrant of law will justify the assumption of a power to control the public purse ”. (People ex rel. Rand v. Craig, 231 N. Y. 216, 221.)
The only warrant given to this court by the Legislature is to provide compensation to assigned counsel in a capital case for his services as lawyer up to the amount of $2,000 (which was done in this case) and “may allow such counsel his personal and incidental expenses upon a verified statement thereof being filed with a clerk of such court”. (Code Crim. Pro., § 308.)
‘1 ‘ The only authority for granting the allowance must be found, of course, in the statute. It provides for the payment of personal and incidental expenses * * *. The personal and incidental expenses for the payment of which provision is made are such as relate to those incurred by counsel on his personal *65 account. The word “ incidental,” as used in the statute, is associated with the word “ personal,” and is used conjunctively. It does not confer authority upon the counsel to make contracts of a special character involving a large liability to be cast upon the county, for by the section of the Code cited the compensation and the personal and incidental expenses of counsel are made a county charge. The word 1 ‘ incidental, ’ ’ as used in the statute, must be construed in accordance with its ordinary meaning, which is: “Of minor importance, occasional, casual, as incidental expenses; ” “something subordinate or casual; often used in the plural to mean minor expenses ” (Century Diet.) ’ ”. (Matter of Kraushaar v. Berry, 227 App. Div. 395, 397 [1929].)
Unfortunately this court cannot weigh the merits of this application for the reason that our Court of Appeals has specifically spoken on this matter and unless and until this ruling has been modified or reversed in the light of modern developments in granting to indigent defendants every opportunity and aid to prepare their defense, this holding is binding upon this court.
The Legislature may eventually take cognizance of this problem and grant relief but it has not yet done so.
In Matter of Reilly v. Berry (250 N. Y. 456, 459 [1929]) the Court of Appeals held: “Payments to detectives employed to investigate and report as to the character of a witness are not the ‘ personal and incidental expenses ’ of counsel, though paid out of his purse.”
This holding was followed in Matter of Kraushaar v. Berry (supra, p. 396) wherein the payment by counsel of the sum of $279.70 to a named person “ to interview witnesses and procure their attendance at the trial”, was disallowed. (See, also, People v. Scott, 17 Misc 2d 134.)
In such a situation, there would clearly be no warrant in law for this court to grant such an order and its granting would be clearly null and void. Order disallowed.