Charles J. Gaughan, J.
Both defendants were indicted for murder in the first degree and other related noncapital felonies on February 4, 1964, and have pleaded not guilty to the indictments. A motion was made on behalf of defendant Robert Hayes seeking permission of this court to hire two alienists or psychiatrists at county expense to examine Hayes and report their findings to defense counsel alone, under authority of section 308 of the Code of Criminal Procedure. At the time of argument, the motion was orally enlarged requesting maps, surveys and diagrams of the scene of the crime in the possession of the police or District Attorney; photographs of the scene of the crime and the immediate vicinity in the possession of the police or the District Attorney; the autopsy report of the deceased; and permission to hire a stenographer at county expense to record interviews of witnesses. The District Attorney opposed all relief not set forth in the moving papers for failure of notice, and alleged there was not satisfactory proof of necessity entitling Hayes to the use of alienists at county expense.
Shortly thereafter, counsel for Carla Leach similarly moved for permission to hire two alienists or psychiatrists at county expense. This motion was opposed solely on procedural grounds.
Since the basic relief sought is identical and Robert Hayes and Carla Leach are codefendants, both motions will be disposed of herein.
The original enactment of section 308 of the Code of Criminal Procedure merely provided ‘ ‘ If the defendant appear for arraignment, without counsel, he must be asked if he desires the aid of counsel, and if he does, the court must assign counsel ” (L. 1881, eh. 442). Subsequent amendments, referring solely to capital cases, successively provided for “ reasonable compensation ” for the assigned attorney (L. 1893, ch. 521), which was later limited to $500, and counsel allowed “ personal *145 and incidental expenses upon a verified statement thereof ’ ’ (L. 1897, ch. 427); employment of expert witnesses by defendant “ not exceeding the number sworn or to be sworn for the prosecution ” (L. 1918, ch. 242); daily copy of testimony for the defendant (L. 1923, ch. 355); and employment of expert witnesses by the defendant where the affirmative presentation of evidence is incumbent on the defendant “upon satisfactory proof of the necessity therefor ” (L. 1933, ch. 591). Other amendments not specifically cited herein increased the limit of the allowance for attorneys’ services and compensation for expert witnesses; enlarged the section’s application to appeal or other disposition other than trial; or merely reflected necessary charges required to supplement other amendments of other sections.
The history of the prior decisions construing this section clearly indicate a definite rejection by the courts of the authority to extend the expenditure of the funds to eases not clearly falling within the four corners of the statutory language. ‘ ‘ The State has charged its civil subdivisions with a restricted liability for the services of counsel. It has not charged them as an incident with an unrestricted liability for the services of others, not counsel, employed at a price to ferret out the evidence available against it. 1 Only clear warrant of law will justify the assumption of power to control the public purse ’ (People ex rel. Rand v. Craig, 231 N. Y. 216, 221).” (Matter of Reilly v. Berry, 250 N. Y. 456, 460.) Thus, prior to the amendment of 1918 permitting a defendant to employ expert witnesses, the words “ personal and incidental ’’were not interpreted to include expert witness fees. (People ex rel. Cantwell v. Coler, 61 App. Div. 598, affd. 168 N. Y. 643.) Similarly, daily copy costs were disallowed as not being “ personal and incidental ” expense of counsel, before the amendment of 1923 (People ex rel. Levy v. Grout, 37 Misc. 430; Matter of Kenney v. Prendergast, 153 App. Div. 325) and expert witness expenses could not be charged to the county by the defendant if the prosecution did not use expert witnesses, prior to the amendment of 1933. (Matter of Reilly v. Berry, supra; People v. Jimerson, 140 Misc. 55.)
The meaning of “ personal and incidental ” under this section of the code was first considered in People ex rel, Cantwell v. Coler (supra, pp. 599, 600) in refusing to charge the public with defendant’s expenses for expert witnesses. “ They were undoubtedly expenses of a trial, such as would ordinarily be borne by a party to an action. The personal and incidental expenses for the payment of which provision is made are such as relate to those incurred by counsel on his personal account. The word ‘ 'incidental ’ as used in the statute, is associated with *146 the word ‘ personal, ’ and is used conjunctively. It does not confer authority upon the counsel to make contracts of a special character involving a large liability to be cast upon the county, for by the section of the Code cited the compensation and personal and incidental expenses of counsel are made a county charge. The word ‘incidental,’ as used in the statute, must be construed in accordance with its ordinary meaning, which is: ‘ Of minor importance, occasional, casual, as incidental expenses; ’ ‘ something subordinate or casual; often used in the plural to mean minor expenses.’ (Century Diet.) ”. In line with this construction are decisions excluding as personal and incidental, expenses for daily copy (People ex rel. Levy v. Grout, supra), assistants employed to find witnesses, take statements and marshall the evidence (Matter of Waldheimer, 84 App. Div. 366), daily copy and pretrial interpreter (Matter of Kenney v. Prendergast, supra), specialists to consult with counsel before trial concerning the condition of the defendant’s mind, transcript of Coroner’s inquest and witness travel expenses (People ex rel. Van Zandt v. Prendergast, 157 App. Div 486 [1913]), travel expenses and cost of interviewing and procuring witnesses (Matter of Kraushaar v. Berry, 227 App. Div. 395), private detective for investigation and report as to character of prosecution witness (Matter of Reilly v. Berry, supra), investigator and secretarial services (People v. Marx, 10 Misc 2d 1053) and investigator (People v. Konono, 41 Misc 2d 63). In People ex rel. Levy v. Grout (supra) expenses of an interpreter were allowed where it appeared that counsel could not communicate with his client without an interpreter, and in Matter of Monfort (78 App. Div. 567, 569) a survey expense was allowed where the survey was introduced in evidence. It would appear then from the survey of all these decisions that merely because expenses have been incurred as would ordinarily be borne by a party defendant in the proper presentation of his case does not justify charging the amount of such expense, under the limitation of the statute, on the county.
Consequently, the expenses of employing alienists, as requested by both defendants, are not personal and incidental expenses of counsel. In order to be allowed as charges to the county here, they must properly qualify as expenses for expert witnesses for the purpose of rebutting or answering the prosecution alienists or affirmatively presenting evidence for the defendants. Here, neither defendant has made a showing that the prosecution will swear alienists in its direct case. Indeed, it even defies logic that the prosecution could use such witnesses for any useful purpose at such time. Assigned counsel for *147 Carla Leach urge in support of their application that the District Attorney has moved for an examination of their client pursuant to section 658 of the Code of Criminal Procedure “ by medical experts who will be prepared to testify for the State of New York”. They are in error if they seriously believe that this examination, which was ordered by this court, entitles them to medical experts of their own. An examination so authorized is not partisan in nature and may be instituted upon motion of the District Attorney, the defendant or the court’s own motion. Since the complete revision of sections 658 to 662-e of the code in 1939, the scope of such examination has been limited and its object is to report to the court the mental condition of the defendant at the time of the examination and the report “ shall not be received in evidence upon the. trial of the defendant ”. (Code Grim. Pro., § 662.) The report is a report to the conscience of the court. The witnesses are witnesses of the court, not the defendant, not the People.
It remains whether the defendants have shown satisfactory proof of need for expert witnesses to affirmatively present evidence. Defendant Carla Leach has been before this court twice. On both occasions, with violent outbursts, she conducted herself in a most unseemly manner. =She openly rebuked and disregarded the advice and admonitions of her able counsel.
It is alleged in a sworn affidavit that she has previously been a patient in three mental hospitals for treatment of a mental illness. It is also alleged that she made an attempt to take her own life and has otherwise conducted herself in a manner which strongly suggests lack of full mental capacity. She is now confined to the psychiatric ward of the Meyer Memorial Hospital. None of these allegations are controverted by the District Attorney. Counsel for Carla Leach have indicated that they intend to enter a plea of insanity to the indictment. Since this appears to be a proper case, the motion of defendant Carla Leach is granted.
On the other hand, defendant Robert Hayes has not convinced us that he is entitled to employ alienists at county expense. We are only presented with counsels’ empty allegation that they ‘ ‘ both feel that his behavior and conduct is strange and abnormal ”; that there was a fire in his jail cell; and that Hayes composed an abstruse holographic will. Counsel further emphasized that this motion was not to be considered by the court as a plea of insanity or an indication that a plea of insanity would be entered. The motion for employment of alienists by defendant Hayes is denied, without prejudice to renew.
*148 The defendant Hayes may examine and transcribe the autopsy report of the deceased; the motion to employ a stenographer is denied, as not being a personal or incidental expense of counsel under the statute; all other relief sought herein is denied.
¡Submit separate orders. The examination fees of the psychiatrists shall not exceed $100 each.