---

CANTWELL et al. v. COLER, City Comptroller.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. MANDAMUS—CRIMINAL LAW—APPOINTMENT OF ATTORNEYS—EXPERT TESTIMONY—EXPENSES—ALLOWANCE.

Code Cr. Proc. § 308, provides that, when services are rendered by counsel assigned by order of court in a capital case, the court may allow the personal and incidental expenses of such counsel. *Held*, that a trial judge had no authority to allow attorneys appointed to defend a criminal in capital case expenses incurred by them in securing expert testimony, since incidental expenses include only those of minor importance.

Laughlin, J., dissenting.

Appeal from special term.

Mandamus by William W. Cantwell and others against Bird S. Coler to compel defendant, as comptroller of the city of New York, to pay relators a certain sum expended by them to secure expert testimony in defense of a criminal. From an order granting the writ, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Theodore Connoly, for appellant.
R. M. Moore, for respondents.

PATTERSON, J. The comptroller of the city of New York appeals from an order granting an application for a peremptory writ of mandamus requiring him to pay to the relators a sum of $950, allowed them for the compensation of expert witnesses as to handwriting called for the defendant on the trial of one Kennedy for murder. The relators were the attorneys and counsel for the defendant Kennedy, being assigned by the court to defend him. It was conceded by the appellant on the argument, although it is not expressly stated in the record, that on the trial expert witnesses were properly called by the defendant Kennedy to testify as to certain papers or documents being in his handwriting. The expert witnesses presented to the relators their bills for services, and it is assumed that the relators either paid or became responsible for the amount thereof. An application was made by the relators to the justice of the supreme court who presided at the trial of Kennedy for an allowance under the pro-

visions of section 308 of the Code of Criminal Procedure, which provides that, when services are rendered by counsel assigned by order of the court in a capital case, the court may allow the personal and incidental expenses of such counsel upon a verified statement being filed with the clerk of the court, and a further reasonable compensation for services not to exceed $500. The justice granted the application, and allowed $500 as compensation to the relators, which has been paid, and also the $950 as expenses. The only authority for granting the allowance must be found, of course, in the statute. It provides for the payment of personal and incidental expenses. The relators seek to sustain the allowance for witness charges upon the ground that they are incidental expenses. They were undoubtedly expenses of a trial, such as would ordinarily be borne by a party to an action. The personal and incidental expenses for the payment of which provision is made are such as relate to those incurred by counsel on his personal account. The word "incidental," as used in the statute, is associated with the word "personal," and is used conjunctively. It does not confer authority upon the counsel to make contracts of a special character involving a large liability to be cast upon the county, for by the section of the Code cited the compensation and the personal and incidental expenses of counsel are made a county charge. The word "incidental," as used in the statute, must be construed in accordance with its ordinary meaning, which is, "Of minor importance, occasional, casual; as incidental expenses"; "something subordinate or casual; often used in the plural to mean minor expenses." Cent. Dict. We cannot construe this section of the Code as so enlarging the meaning of the word "incidental" as to give authority for the allowance as a county charge of such items of expenditure as those now claimed by the relators.

There is nothing in the suggestion of hardship in a particular case that aids in the construction of the statute. The inability of the accused to meet the expense of calling expert witnesses to oppose those called by the prosecution is a situation which has not been met by the legislature, and the courts have no power to broaden the scope of the statute by a supposed equitable construction. Before the passage of a law giving compensation from the public moneys to counsel assigned in a capital case, the services of such counsel were gratuitous. With respect to all the expenses of a trial, except as expressly provided for by statute, there has been no change in the law. We are of opinion, therefore, that there was no authority in the learned trial judge to make the certificate allowing these expert witness fees.

The order appealed from must be reversed, with $10 costs and disbursements, and the application for a peremptory mandamus denied, with $10 costs. All concur, except LAUGHLIN, J., who dissents.