PEOPLE ex rel. VAN ZANDT et al. v. PRENDERGAST, City Comptroller.

(Supreme Court, Appellate Division, Second Department. June 27, 1913.)

ATTORNEY AND CLIENT (§ 132*)—CRIMINAL CASES—ASSIGNED COUNSEL FOR ACCUSED—EXPENSES OF EXPERT WITNESSES—"PERSONAL AND INCIDENTAL EXPENSES."

Code Cr. Proc. § 308, provides that the court may allow to assigned counsel in a capital case his "personal and incidental expenses" upon a verified statement filed with the clerk, and also reasonable compensation not exceeding $500, such an allowance to be a charge on the county. Counsel assigned to the defense of one accused of murder in the first degree, and defending on the ground of insanity, in preparing for the trial, had consulted with specialists in mental diseases, who testified at the trial, incurring expenses of $100 for such conferences, and an expense of $2.50 for a copy of the testimony at the coroner's inquest and of $23 for attendance of witnesses at his office before trial. Held, that the expense of the expert witnesses at the trial was not allowable, and that the other expenses were no part of his "personal and incidental expenses," and hence not allowable.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 310; Dec. Dig. § 132.*

For other definitions, see Words and Phrases, vol. 6, p. 5339.]

Appeal from Special Term, Kings County.

Mandamus by the People of the State of New York, on the relation of Frederick N. Van Zandt and others, against William A. Prendergast, as Comptroller of the City of New York. From an order of the Special Term (141 N. Y. Supp. 255), granting relator's application for a peremptory writ of mandamus, defendant appeals. Order reversed and motion for peremptory writ of mandamus denied.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

James D. Bell, of Brooklyn (Charles J. Druhan, of Brooklyn, on the brief), for appellant.

Frederick N. Van Zandt, of New York City, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BURR, J. In September, 1912, relators were assigned to defend a prisoner who had been indicted for murder in the first degree. So successful were their efforts that after a trial lasting two days the defendant was acquitted. The justice presiding over the court in which the action was tried allowed to the relators $500 as counsel fee, and certain amounts, hereinafter specified, as "personal and incidental expenses." Code of Criminal Procedure, § 308. The comptroller of the city of New York refused to pay the latter amounts, and from an order granting a motion for a peremptory writ of mandamus, directing payment thereof, he now appeals to this court.

The items in dispute are stated as follows:

"1. For the employ of professional men before trial to furnish counsel with proper and scientific information concerning the condition of the defendant's mind, so that they might be able to decide upon and establish such defense as might be fairly offered and upheld in her behalf............................ $100 00

"2. For a copy of the testimony taken at the coroner's inquest, at the examination of Sarah Sypher and witnesses............ 2 50

"3. For car fare for John E. Walker, a necessary witness, residing at Medford Station, Long Island, to defray his railroad expenses in coming to relator's office in Brooklyn before the trial to assist relators in preparation for trial.............. 3 00

"4. For car fare for Susan Hoelper, a necessary witness, residing at Franklinville, New Jersey, four hundred miles from New York City, to defray her railroad expenses in coming to relators' office in Brooklyn twice before the trial to assist relators in preparation for trial........................... 20 00"

We think that the order must be reversed. It appears from the moving affidavit that the defense to the action was that:

"The defendant at the time the alleged crime was committed was suffering from such a defect of reason as not to know that her act was wrong."

In preparing for the trial counsel for defendant had three consultations with two eminent specialists in mental and nervous diseases, each of whom was thereafter called as a witness and testified upon the trial. That no allowance can be made for the expenses of these expert witnesses upon the trial is settled by authority. People ex rel. Cantwell v. Coler, 61 App. Div. 598, 70 N. Y. Supp. 755, affirmed 168 N. Y. 643, 61 N. E. 1132. For the conferences preceding the trial, however, each of the experts presented a bill for $50, which constitutes the first of the items above considered, and this charge was allowed to counsel for defendant as part of their "personal and incidental expenses." We think that this was improper. The service was in no sense personal to the counsel in order to enable them to determine whether to interpose the defense of insanity or not, for it appears from their own affidavits that before consulting either of these specialists they became convinced as to the fact. While the service may have been of a beneficial character to defendant, and may have lightened the labors of the counsel assigned to her defense, it is sufficient to say that the statute has not as yet authorized the incurring of such expenditures. In Matter of Waldheimer, 84 App. Div. 366, 82 N. Y. Supp. 916, the services there rendered in looking up witnesses and marshaling evidence were doubtless helpful to counsel and beneficial

to the defendant, but it was held that the statute did not authorize payment therefor. If, as we have decided (Matter of Kenney, 153 App. Div. 325, 137 N. Y. Supp. 1097), the services of an interpreter prior to the trial rendered in an attempt to facilitate communication between defendant and his counsel are not the subject of a proper charge, it seems to us that services of an advisory character by professional men prior thereto must also be excluded. The same reasoning applies to the other three items. A copy of the testimony taken at the coroner's inquest was doubtless of assistance to counsel for defendant in preparing for the trial, but it does not appear that these minutes were necessarily used upon the trial in the cross-examination of any witness called by the people and for any other purpose. In this respect the item differs from that considered in Matter of Monfort, 78 App. Div. 567, 79 N. Y. Supp. 765, where the official survey was actually offered in evidence upon the trial in connection with the defense of the action. So also the sums paid to various parties for attendance. at the office of counsel prior to the trial to assist in the preparation thereof should not be allowed. It does not appear that either of these persons actually testified upon the trial or was called thereto for the purpose of testifying. While it is not easy to define exactly what was intended by the use of the words in the statute, "personal and incidental expenses," it seems clear to us that neither of the items objected to is fairly included within such a definition.

The order should be reversed, and the motion for a peremptory writ of mandamus denied, but, under the circumstances, without costs. All concur.