PEOPLE v. FERRI.

Appeal of MOORE.

(Supreme Court, Appellate Division, Second Department.   October 8, 1915.)

ATTORNEY AND CLIENT ⬤⟿132—APPOINTMENT BY COURT—COMPENSATION.

Where an attorney, appointed to defend one charged with a capital offense, seeks to have his fee allowed, under Code Cr. Proc. § 308, which provides that such fees may be allowed on certificate of the judge or justice "presiding at the trial, or otherwise disposing of the indictment," he is not entitled to recover on a certificate of a justice who took a plea, but did not dispose of the indictment.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 310; Dec. Dig. ⬤⟿132.]

Appeal from Special Term, Nassau County.

Application by Harry W. Moore, an attorney, to be allowed the fee for services rendered under assignment by the court in defending Joseph Ferri in a criminal trial. Application denied, and he appeals. Affirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

Harry W. Moore, of Mineola, in pro. per.

PER CURIAM. Under Code Cr. Proc. § 308, the allowance to counsel assigned to defend one arraigned charged with a capital offense is to be on the certificate of the judge or justice "presiding at the trial or otherwise disposing of the indictment." In this case the justice who took the plea of guilty of murder in the second degree, which he afterwards let the defendant withdraw, did not dispose of the indictment, but left it to be tried on the substituted plea of not guilty. Doubtless the court in which the action was finally disposed of can make an allowance to duly assigned counsel for services in defense, even if only partial and followed by substitution of other counsel, if the aggregate allowance does not exceed $500. But here the justice, who did not dispose of the indictment, rightly denied appellant's application for allowance, for want of power.

The order is therefore affirmed, but without costs.

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes