THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD E. HICKS and Another, Respondents, *v.* CHARLES W. BERRY, as Comptroller of the City of New York, Appellant.

Second Department, July 1, 1927.

Crimes — expert witnesses for defendant — defendant was unable to hire counsel or witnesses — court directed employment of physicians as experts on sanity of defendant — experts both for prosecution and defendant agreed before trial that defendant was sane — said experts are entitled to be paid by county, under Code of Criminal Procedure, § 308, as amended by Laws of 1918, chap. 242.

The respondents were engaged by direction of the court to act on behalf of a defendant on a criminal prosecution, who was unable to hire expert witnesses. The respondents and two experts employed by the prosecution examined the defendant in the criminal prosecution, prior to the trial, under an agreement between the counsel for said defendant and the district attorney, and determined that the defendant was sane. Notwithstanding the respondents were not called to testify on the criminal prosecution, they are, nevertheless, entitled to be paid, under the authority of section 308 of the Code of Criminal Procedure,

as amended by chapter 242 of the Laws of 1918. It is not necessary that expert witnesses so engaged be actually sworn. It is sufficient if it was the intention of counsel for the defendant to use them as expert witnesses in case of necessity.

APPEAL by the defendant, Charles W. Berry, from a peremptory mandamus order of the Supreme Court, made at the Queens Trial Term and entered in the office of the clerk of the county of Queens on the 5th day of March, 1927.

*Willard S. Allen* [*Robert J. Culhane, J. Joseph Lilly* and *George P. Nicholson, Corporation Counsel,* with him on the brief], for the appellant.

*William F. Ryan,* for the respondents.

Peremptory mandamus order unanimously affirmed, with costs, upon opinion of Mr. Justice FABER at Trial Term.

Present — KELLY, P. J., YOUNG, KAPPER LAZANSKY and HAGARTY, JJ.

The following is the opinion of the court below:

FABER, J. Motion for a peremptory writ of mandamus directing the respondent to pay the claims of relators for services rendered as expert witnesses for the defense of one Hilton, indicted for the crime of murder in the first degree. Payment of the claims was authorized and directed by order of the Queens County Court, made pursuant to the provisions of section 308 of the Code of Criminal Procedure (as amended by chapter 242 of the Laws of 1918).* The respondent refuses to pay on the ground that it is unauthorized by law. Section 308 (*supra*), as far as applicable here, reads as follows: " In any case in which experts may be employed as witnesses and in case it shall appear to the satisfaction of the court or a judge thereof that the defendant is not financially able to employ experts, the court to which the indictment is presented or sent or removed for trial or a judge or justice thereof may direct the employment of expert witnesses for the defendant in number not exceeding the number sworn or to be sworn for the prosecution at an expense in the aggregate of not exceeding the sum of ten hundred dollars." Prior to the amendment of 1918 it was settled law that claims for services similar to those involved here could not be allowed. (*People ex rel. Cantwell* v. *Coler*, 61 App. Div. 598; affd., 168 N. Y. 643; *People ex rel. Van Zandt* v. *Prendergast*, 157 App. Div. 486.) The decisions were based solely upon the ground that the statute did not authorize the incurring of such expenditure. By the amendment above quoted, the court to which the indictment is presented

* Last amended by Laws of 1925, chap. 97.— [REP.

for trial is given the power to direct the payment of such claims. It appears from the papers on this motion that counsel was duly assigned by the court to defend the accused; that it was deemed necessary for a proper defense to employ experts to examine him as to his mental condition and to testify on the trial; that the accused was not financially able to employ experts and was wholly destitute of financial means; that thereupon an order was made by the court authorizing and directing counsel to employ such witnesses in the number sworn or to be sworn by the prosecution, at an expense in the aggregate not to exceed $1,000, and that such expense be made a charge upon the county of Queens; that thereafter counsel conferred with the district attorney (as appears from the latter's affidavit) " as to the mental condition of Hilton and in order to save the necessity for the attendance of alienists upon the trial, unless the mental condition of Hilton made that necessary, it was decided that medical experts should be employed by the People and by the counsel for the defendant, and that they should make their examination together and agree if possible prior to the trial whether the defendant was sane and knew the nature and quality of his acts and the difference between right and wrong; " that thereafter the district attorney employed two doctors and counsel for the accused employed the two relators; that the four doctors examined the accused on at least two occasions and conferred on other occasions and unanimously decided that the accused was sane, thus making it unnecessary to attend upon the trial.   The affidavit of the district attorney further states that it was his intention to call both of the medical experts employed by him upon the trial if it was found necessary.   It appears further that the two experts employed by the district attorney were each paid $500 for his services.   An order was subsequently made by the Queens County Court, where the indictment was tried, directing the respondent to pay each of the relators $500.   It is claimed on behalf of respondent that because the expert witnesses were not actually called and that the court has not certified that there were experts sworn or to be sworn by the prosecution, the relators are not entitled to be paid.   There is nothing contained in the statute requiring such certification.   The order directing payment if supported by sufficient facts is all that is necessary.   Neither does the statute require the witnesses, either for the People or the defendant, *to be actually sworn*.   It is sufficient if it was intended to have them sworn.   It appears clearly that such was the intention of both the district attorney and the counsel for the accused.   But because of the unanimous decisions of the experts as to the sanity of the accused the defense of insanity was not interposed, and hence it became

unnecessary to have such witnesses actually appear at the trial and testify. The fact that the prosecuting attorney did not call his experts as witnesses is not material. Certainly he would not call them in the absence of the plea of insanity on the part of the defense. Such plea could not be supported after the experts had decided that the accused was sane. I am unable to agree with respondent's construction of the statute, and believe that section 308 was amended to cover a situation such as is presented on this motion. The motion is granted, with fifty dollars costs.