In the Matter of EDWARD J. REILLY, Respondent, *v.* CHARLES W. BERRY, as Comptroller of the City of New York, Appellant.

(Argued March 20, 1929; decided April 16, 1929.)

*George P. Nicholson, Corporation Counsel (J. Joseph Lilly, Willard S. Allen* and *George H. Cowie* of counsel), for appellant. The respondent is not entitled to payment, as a county charge, of the sum of fifty dollars disbursed by his jewelry experts. (*People ex rel. Cantwell* v. *Coler,* 61 App. Div. 598; 168 N. Y. 643; *People ex rel. Van Doren* v. *Prendergast,* 214 N. Y. 16.) The respondent is not entitled to payment as a county charge of the sum of fifty-five dollars for the services of investigators. (*Matter of Waldheimer,* 84 App. Div. 336; *People ex rel. Van Zandt* v. *Prendergast,* 157 App. Div. 486; *People ex rel. Cantwell* v. *Coler,* 61 App. Div. 598; *People ex rel. Rand* v. *Craig,* 231 N. Y. 216; *People ex rel. Manley* v. *Craig,* 231 N. Y. 574; *People ex rel. Smyth* v. *Craig,* 231 N. Y. 575; *People ex rel. Goodwin* v. *Coler,* 48 App. Div. 492.)

*Edward J. Reilly,* respondent, in person. Respondent is entitled to payment as a county charge of the sum disbursed in payment of two jewelry experts and for personal and incidental expenses arising out of the conduct of this trial. (*People ex rel. Acritelli* v. *Foster,* 81 N. Y. Supp. 212; *People ex rel. Acritelli* v. *Grout,* 87 App. Div. 193; 177 N. Y. 587; *People* v. *Di Medicis,* 80 N. Y. Supp. 212; *People ex rel. Roth* v. *Fitch,* 51 N. Y. Supp. 683; *People* v. *Nelson,* 188 N. Y. 234; *People ex rel. Cantwell* v. *Coler,* 61 App. Div. 589; 168 N. Y. 643; *People ex rel. Hicks* v. *Berry,* 221 App. Div. 350.) The

respondent is entitled to payment as a county charge of the sum of fifty-five dollars for the service of investigators. (*Matter of Waldheimer*, 84 App. Div. 366.)

CARDOZO, Ch. J. The petitioner was assigned by the court as counsel for the defendant in a prosecution for murder in the first degree. Thereafter a certificate was granted by the judge presiding at the tria⁻ for the payment to counsel of compensation for serv ces and expenses. Included in the expenses was an item of $55 paid to detectives who had been employed to investigate the character of a witness for the People and an item of $50 paid to jewelers who gave testimony as experts concerning the quality of a ring. The Comptroller declined to honor the certificate in so far as it called for the payment of these items upon the ground that to that extent it was in excess of the jurisdiction of the judge who made it. A petition for a mandamus followed. The Supreme Court at Special Term granted the petition as to the first item, but denied it as to the second. The Appellate Division held upon cross-appeals that both items were proper, and as to both granted a mandamus. The Comptroller, seeking a construction of the statute, has appealed to this court.

Code of Criminal Procedure, § 308, provides that in a capital cause the court in which the defendant is tried may allow to an assigned counsel " his personal and incidental expenses upon a verified statement thereof being filed with the clerk of such court, and also reasonable compensation for his services in such court, not exceeding the sum of one thousand dollars."

The section was amended in 1918 (L. 1918, ch. 242) by adding a provision that " in any case in which experts may be employed as witnesses and in case it shall appear to the satisfaction of the court or a judge thereof that the defendant is not financially able to employ experts, the court to which the indictment is presented or sent

or removed for trial or a judge or justice thereof may direct the employment of expert witnesses for the defendant in number not exceeding the number sworn or to be sworn for the prosecution at an expense in the aggregate of not exceeding the sum of five hundred dollars," which sum was increased to ten hundred dollars by an amendment of later date (L. 1924, ch. 433).

At common law, service as assigned counsel was given without pay (*People ex rel. Karlin* v. *Culkin*, 248 N. Y. 465, 471). So it still is, except in criminal actions where the offense charged 'n the indictment is punishable by death (Code Crim. Proc. § 308). Requital has its origin and measure in the provisions of the statute.

(1) Payments to detectives employed to investigate and report as to the character of a witness are not the "personal and incidental expenses" of counsel, though paid out of his purse. The scope of the statute may have been uncertain at the outset. Judicial construction has combined with long-continued practice to narrow and define it. The section was first considered by this court in *People ex rel. Cantwell* v. *Coler* (61 App. Div. 598; affd., on opinion below, 168 N. Y. 643). In that case, decided in 1901, we held that there could be no allowance for the services of expert witnesses whom counsel had employed and paid. The payments, it was said, "were undoubtedly expenses of a trial, such as would ordinarily be borne by a party to an action." They were not expenses incidental to the distinctive services of counsel. "The personal and incidental expenses for the payment of which provision is made are such as relate to those incurred by counsel on his personal account." Traveling expenses incurred in attendance at the court, printing charges for the preparation of a brief in accordance with the rules, these are illustrations of disbursements within the purview of the statute. In line with that construction are decisions excluding payments to assistants employed to investigate the facts (*Matter of Waldheimer*, 84 App. Div.

366), and payments to consultants employed to examine a defendant and advise as to the defense (*People ex rel. Van Zandt* v. *Prendergast*, 157 App. Div. 486). The amendment of 1918 which made allowance for the fees of experts, but only under strict conditions, is a recognition by the Legislature of the correctness of the ruling that such expenses were not covered by the statute unamended. Bills for detectives like those for experts mount often into large figures. The State has charged its civil subdivisions with a restricted liability for the services of counsel. It has not charged them as an incident with an unrestricted liability for the services of others, not counsel, employed at a price to ferret out the evidence available against it. " Only clear warrant of law will justify the assumption of a power to control the public purse " (*People ex rel. Rand* v. *Craig*, 231 N. Y. 216, 221).

(2) Error also was committed in the allowance of the fees of experts.

The statute imposes two conditions before the fees of experts may be made a charge upon a county. The court or a judge thereof must direct the employment of the witnesses. The number must not exceed the number sworn or to be sworn for the prosecution. Neither condition was obeyed. The direction for the employment of experts should have been entered in the court's minutes or else embodied in a written order signed by the presiding judge (Civ. Prac. Act, § 127; Gen. Constr. Law [Cons. Laws, ch. 22], § 28-a, as amended by L. 1920, ch. 917). Only thus is there a record that is proof against uncertainty. We add, in passing, that even an oral direction the most informal was lacking in the case at hand. If that defect were disregarded, another would remain. No expert witness was called for the prosecution, nor was there ever any thought or expectation that the prosecution would stand in need of such a witness. The order, even if granted retrospectively, would thus violate the statute.

The Legislature had in mind what is a matter of common knowledge, that upon the trial of certain issues, such as insanity or forgery, experts are often necessary both for prosecution and for defense. In these and like cases, a defendant may be at an unfair disadvantage if he is unable because of poverty to parry by his own witnesses the thrusts of those against him. The statute restores the balance, and makes the two contending forces equal. If in fairness it should go farther, it has not done so yet.

The order of the Appellate Division and that of the Special Term should be reversed, and the application for a mandamus denied, without costs in any court.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Orders reversed, etc.