In the Matter of the Application of HYMAN GROSSMAN, Appellant, for an Allowance Pursuant to Section 308 of the Code of Criminal Procedure in the Case of People of the State of New York v. John Evans.— This is an appeal from an order of the Sullivan County Court denying the application of Hyman Grossman for an allowance pursuant to section 308 of the Code of Criminal Procedure. The grand jury of Sullivan county found an indictment against one John Evans charging him with the crime of kidnapping, in violation of section 1250 of the Penal Law. On the arraignment of Evans, plaintiff Grossman was assigned as counsel. It is clear that the person alleged to have been kidnapped had been returned alive prior to the opening of the trial. Section 1250 of the Penal Law in so far as it applies here reads as follows: " Provided, however, that the jury, upon returning a verdict of guilty against a person upon whom the death penalty would otherwise be imposed, may recommend imprisonment of the convicted person, in lieu of death, and upon such recommendation such person shall be punished by imprisonment under an indeterminate sentence, the minimum of which shall be not less than twenty years and the maximum of which shall be for the natural life of such convicted person. Provided, further, that notwithstanding the foregoing provisions of this section with respect to punishment by death, if the kidnapped person be released and returned alive prior to the opening of the trial, the death penalty shall not apply nor be imposed and the convicted person shall be punished by imprisonment in the same manner as though the jury had recommended

imprisonment." As the kidnapped person was released and returned alive prior to the opening of the trial, the death penalty did not apply and could not be imposed. Appellant Grossman seeks to obtain an allowance for his personal and incidental expenses and reasonable compensation for his services pursuant to provisions of section 308 of the Code of Criminal Procedure. This section, however, refers only to such services as " are rendered by counsel in pursuance of such assignment in a case where the offense charged in the indictment is punishable by death or on an appeal from a judgment of death * * *." Here the offense charged in the indictment was not punishable by death, as the kidnapped person was released and returned alive prior to the opening of the trial. The court held that it was without power to grant the allowance requested under said section 308. We agree that no such allowance could be made. (*Matter of Reilly* v. *Berry*, 250 N. Y. 456.) No prior application was made to the court for permission to employ expert witnesses. The application should be denied. Order unanimously affirmed, without costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.