THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RAYMOND MARTINEZ FERNANDEZ and MARTHA BECK, Defendants.

Supreme Court, Special Term, Bronx County, December 10, 1951.

*Herbert E. Rosenberg* for motion.

*Frank A. Gulotta, District Attorney,* opposed.

*C. Burchard Smith, County Attorney,* for County Treasurer of Nassau County and another, appearing specially.

HAMMER, J. This application is by motion made on notice to the District Attorney, the County Treasurer and the County Comptroller, all of Nassau County. It is presented by Herbert

E. Rosenberg, attorney for the above-named defendants, Raymond Martinez Fernandez and Martha Beck. They are now deceased, having been executed on March 8, 1951, pursuant to sentence of August 22, 1949, the jury having found both defendants guilty of murder in the first degree. The judgments of conviction were affirmed by the Court of Appeals, July 11, 1950. (301 N. Y. 302.)

The application is for the allowance of $1,500 counsel fees, pursuant to section 308 of the Code of Criminal Procedure, for services rendered to the deceased; for an additional fee in the sum of $25,000, on the ground of unusual services and length of the trial; for personal and incidental expenses of counsel, and for allowances to experts. The trial was had before Mr. Justice FERDINAND PECORA and a jury.

The records of the trial show that prior to trial Mr. Rosenberg had been retained by both defendants. He filed written notice of appearance for Fernandez, dated March 16, 1949, and for Beck, dated March 21, 1949. At trial, on June 6, 1949, on defendant Fernandez's declaration that he was without funds of any kind, destitute and without money needed to defend himself, Mr. Rosenberg asked permission to withdraw as Fernandez's counsel and was thereupon assigned as such counsel by Justice PECORA. There is no evidence in the record of any such withdrawal or assignment as counsel for defendant Beck, for whom Mr. Rosenberg also was counsel. The proof shows that Mr. Rosenberg was paid $4,800 by Mrs. Beck's mother and sister and by his letter of May 9, 1949, acknowledged same as "in full payment for my services." It is clear that in no event is Mr. Rosenberg entitled to an allowance from public funds for services to or for expenses in behalf of the defendant Beck.

An application similar to the present one was made to Mr. Justice PECORA on or about October 27, 1949, by notice of motion dated September 14, 1949. Mr. Justice PECORA's decision of the motion was made September 27, 1950, and was published in the New York Law Journal on October 2, 1950. (P. 659, col. 1.) By typographical error the decision was published under the title of "People, &c., v. Martinez", but it is difficult to believe that Mr. Rosenberg, whose very applications herein demonstrate his alertness in his own interest, was not aware of the decision and its purport. In effect, it denied the entire application except for an allowance of $250 to handwriting expert Haring. Mr. Justice PECORA resigned his office of Justice of the Supreme Court on October 27, 1950, a fact which was well

known and publicized, as he was a candidate for the mayoralty of the City of New York. The decision provided that the order thereon be settled. Obviously, there was sufficient time, prior to such resignation in the exercise of reasonable diligence, to comply with that requirement and thus enable any possible grievance to be presented on an appeal. Indeed, under the circumstances, it might well be that the appellate court could regard the written decision signed by the Justice as an order for the purpose of appeal. The applicant has not seen fit to adopt any such procedure and insists that, in view of the retirement of Mr. Justice PECORA, that this court constituted as such and not any particular justice thereof is required to hear his application *de novo*.

Services of assigned counsel at common law and except when otherwise directly provided by statute always have been given free (*People ex rel. Karlin* v. *Culkin*, 248 N. Y. 465, 471; *Matter of Reilly* v. *Berry*, 250 N. Y. 456, 459). The only provision of law applicable is section 308 of the Code of Criminal Procedure, which, so far as pertinent, provides: " When services are rendered by counsel in pursuance of such assignment in a case where the offense charged in the indictment is punishable by death or on an appeal from a judgment of death, the court in which the defendant is tried, * * * or by which the appeal is finally determined * * * may allow such counsel his personal and incidental expenses upon a verified statement thereof being filed with a clerk of such court, and also reasonable compensation for his services in such court, not exceeding the sum of one thousand dollars in cases where one counsel has been assigned, and not exceeding the sum of fifteen hundred dollars in cases where two or more counsel have been assigned. In such a case where it shall appear to the satisfaction of the court that a daily copy of the testimony is necessary to be furnished by the stenographer to the counsel for the defendant, upon an order duly signed by the presiding justice that the stenographer furnish the same, the same shall be furnished to the counsel for the defendant, and the cost of said daily copy shall be a charge upon the county. In any case in which experts may be employed as witnesses and in case it shall appear to the satisfaction of the court or a judge thereof that the defendant is not financially able to employ experts, the court to which the indictment is presented or sent or removed for trial or a judge or justice thereof may direct the employment of expert witnesses for the defendant in number not exceeding the number sworn or to be

sworn for the prosecution or, where the affirmative presentation of evidence on the issue is incumbent on the defendant, and the prosecution has not indicated any number of experts to be employed, the court or judge may upon satisfactory proof of the necessity therefor, permit the employment of an expert or experts not to exceed two in number, at an expense in the aggregate of not exceeding the sum of ten hundred dollars. Allowances under this section shall be a charge upon the county in which the indictment in the action is found, to be paid out of the court fund, upon the certificate of the judge or justice presiding at the trial or otherwise disposing of the indictment, or upon the certificate of the appellate court, but no such allowance shall be made unless an affidavit is filed with the clerk of the court by or on behalf of the defendant, showing that he is wholly destitute of means.''

Personal and incidental expenses of counsel are only those which are incurred by counsel for and on his personal account, such as unusual necessary traveling expenses incurred in attendance at the court and for printing charges of briefs and court records required by court rules.

The defendants had been indicted by the Grand Jury of Nassau County but trial was had in Supreme Court, Bronx County, under an order for change of venue obtained by Mr. Rosenberg. The latter's home was in Little Neck, Nassau County, and his office was located in New York County. During the trial, from June 20 to August 16, 1949, Mr. Rosenberg had accommodations at the Concourse Plaza Hotel, Bronx County. Undoubtedly Mr. Rosenberg was a daily commuter from his home to his office, as are many others of similar residence. Travel from residence or office to Bronx County cannot be said to involve any unusual difficulty of travel unforeseen when the assignment as counsel was accepted. In the circumstances it must be held that the hotel charges of $507.89, for which claim is made, were incurred as a matter of personal convenience on the part of counsel and cannot be said to come within the purview of the statute.

Services of experts employed by counsel, while expenses ordinarily borne by a party to an action, are not personal expenses of counsel for which allowance may be made by the court (*People ex rel. Cantwell* v. *Coler,* 61 App. Div. 598, affd. 168 N. Y. 643, approved in *Matter of Reilly* v. *Berry, supra*). Charges for services of assistants and consultants employed to examine a defendant and advise counsel are not allowable on

this application (*Matter of Waldheimer,* 84 App. Div. 366; *People ex rel. Van Zandt* v. *Prendergast,* 157 App. Div. 486; *Matter of Reilly* v. *Berry, supra*). Upon a showing of defendant's financial inability, an application may be addressed to the justice presiding or to the court of trial or judge or justice thereof, for permission to employ necessary experts to be called as witnesses, in a number not exceeding such witnesses of the prosecution and in any event not more than two on an affirmative issue incumbent on the defendant where the prosecution has not indicated any number of experts to be employed.

When then upon the trial Mr. Rosenberg informed the court that he had engaged the services of two psychiatrists, Dr. Frederick Wertham and Dr. Charles Rosenheck, to examine and be prepared to testify for the defendants, and requested the court to grant a fee for services of those physicians under section 308, the prosecution having the services of but two psychiatrists, Dr. Perry M. Lichtenstein and Dr. James L. McCartney, there was no authority in law for engaging additional psychiatrists at public expense. In addition, it appears that Mr. Rosenberg had received $500 from a relative of the defendant Beck to be used to pay for expert psychiatric services in her behalf.

It is not shown by reference to the record or any order that any authority was sought or received from Mr. Justice Pecora or the court or any judge or justice thereof to engage a handwriting expert. In his opinion, however, Mr. Justice Pecora, under the authority of section 308, allowed the sum of $250, which he fixed as a reasonable fee for the services rendered by Mr. J. Howard Haring, handwriting expert employed by Mr. Rosenberg in behalf of the defendants, and directed that the court issue a certificate therefor. As the Trial Justice was familiar with all the proceedings and the record thereof, it may be assumed such allowance and direction was supported by the provisions of section 308.

It may also be assumed, reasonably I believe, that in the unusual circumstances attendant upon the previous decision and the resignation of Mr. Justice Pecora prior to the settlement of an order effectuating the disposition made by him, that there is in this court of which he was a justice a residuum of jurisdiction and power sufficient to terminate the troublesome matter presented, although the contrary has been held (*People* v. *Ferri,* 170 App. Div. 944). Accordingly, I accept and adopt as the decision of this court herein that of Mr. Justice Pecora.

It is as follows:

" BY MR. JUSTICE PECORA.

" People, etc. v. Martinez — Application is made for an order (1) granting and allowing alleged personal and incidental expenses paid or incurred by counsel for the defendants; (2) granting and allowing fees for experts; and (3) allowing counsel a fee for services pursuant to section 308, Code of Criminal Procedure, as well as an additional fee for services rendered. Apart from the factual insufficiency of the papers with respect to the claim for ' personal and incidental expenses,' there is no legal basis for their allowance in this case. With respect to the fees for experts, I find that only the reasonable fee for the handwriting expert, J. Howard Haring, should be certified by this court. That reasonable fee I fix at $250. As to the other experts, they either have been paid or their services were not necessary in the case. As to counsel's application for fees, there is no basis in law for the request for an additional allowance and the moving papers do not present a proper case for an allowance of a fee under section 308, Code of Criminal Procedure. Consequently, the application is in all respects denied with the exception that the court will issue a certificate for an allowance of $250 to J. Howard Haring, for services rendered as a handwriting expert. Settle order." (N. Y. L. J., Oct. 2, 1950, p. 659, col. 1.)

The County Treasurer and County Comptroller of Nassau County have appeared specially herein to set aside the service of the motion papers on them and to contest the jurisdiction of the court to grant any order against them as such County Treasurer and County Comptroller.

The objections of the County Treasurer and the County Comptroller of Nassau County to the service of papers upon them and to the jurisdiction of the court are sustained and as to them the motion is dismissed. In the event that a certificate is made by the court for the payment of allowances directed, the certificate would be presented to the County Comptroller and County Treasurer for audit and payment, and if the County Treasurer and County Comptroller then refused to pay the amount provided in such certificate, the remedy of the persons to whom payment is directed to be made would be by mandamus pursuant to article 78 of the Civil Practice Act. The citations in support of the motion (*Matter of Reilly* v. *Berry,* 250 N. Y. 456, *supra,* and *Matter of Monfort,* 78 App. Div. 567) are such mandamus proceedings wherein the Comptroller refused to pay on

the certificate of the Trial Judge on the ground that such payments were unauthorized under section 308 of the Code of Criminal Procedure.

This decision is confined to the matters presented here and is without prejudice to any application by movant to the Court of Appeals under section 308 as he may be advised. Accordingly, to the extent indicated, the motion is granted and in all other respects denied. Settle order.