THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM BROWN, JR., Defendant.

County Court, Queens County, September 14, 1954.

T. *Vincent Quinn, District Attorney* (*James P. McGrattan* of counsel), for plaintiff.

*Daniel H. Farb, William C. Brennan, Jr.,* and *Charles Vallone* for defendant.

FARRELL, J. This is an application by assigned counsel in a capital case for an order permitting and authorizing them to travel to Auburn State Prison to interview a witness incarcerated therein and to employ the services of a stenographer there to aid them in such interview and to charge the expenses thereof upon the County of Queens.

The court has no power to compensate assigned counsel or allow assigned counsel any expenses except as provided by section 308 of the Code of Criminal Procedure. Section 308 of the Code of Criminal Procedure provides in part as follows: " When services are rendered by counsel in pursuance of such assignment in a case where the offense charged in the indictment is punishable by death * * * the court in which the defendant is tried * * * may allow such counsel his personal and incidental expenses upon a verified statement thereof being filed with a clerk of such court, and also reasonable compensation for his services in such court, not exceeding the sum of one thousand dollars in cases where one counsel has been assigned and not exceeding the sum of fifteen hundred dollars in cases where two or more counsel have been assigned."

The court is unaware of any authority in which the precise question presented by this application has been determined. Suffice it to say that section 308 of the code has been narrowly construed upon the principle that " only clear warrant of law will justify the assumption of a power to control the public purse " (*People ex rel. Rand* v. *Craig,* 231 N. Y. 216, 221). The court has some doubt whether the items for which counsel seek advanced approval are such " personal and incidental expenses " as are authorized by statute. In any event the language of section 308 of the code contemplates that the expenses be first incurred and that a statement thereof be filed with the clerk of the court before being allowed, otherwise the court would be called upon in effect to issue a blank check. (Cf. *Matter of Reilly* v. *Berry,* 250 N. Y. 456, and *People* v. *Fernandez,* 202 Misc. 190.)

Motion denied, without prejudice to a renewal thereof at a later date for an allowance of such personal and incidental expenses as may be authorized by law. Order signed.