John J. Walsh, J.
This oral application for permission to employ a photographer, an engineer and two doctors pursuant to section 308 of the Code of Criminal Procedure in a capital case is' denied without prejudice to the renewal thereof on written papers and upon service of a copy of the application upon the District Attorney. Defendant should also submit any authority that he may have to justify the various items requested.
This application was made in open court orally and without previous notice of said application to the District Attorney. The court thereupon reserved decision and requested that the District Attorney be notified. The District Attorney then appeared and noted his opposition to the granting of the application. The court thereupon orally denied the application and announced that a memorandum would thereafter be filed.
Section 308 of the Code of Criminal Procedure permits this court in a case where the offense charged in the indictment is punishable by death to allow counsel assigned to defend such person “ his personal and incidental expenses upon a verified statement thereof being filed with a clerk of such court, and also reasonable compensation for his services in such court ’ ’.
“ Judicial construction has combined with long-continued practice to narrow and define” the term “personal and incidental expenses ”. (Matter of Reilly v. Berry, 250 N. Y. 456, 459.)
Prior to the amendment of 1918, there was no provision for the employment of expert witnesses by an indigent defendant and the Appellate Division in People ex rel. Cantwell v. Coler (61 App. Div. 598 [1901]) disallowed a fee for a handwriting-expert as a “ personal ” and “ incidental ” expense of assigned counsel. In line with that construction, payments to consultants employed to examine a defendant and advise as to the defense (People ex rel. Van Zandt v. Prendergast, 157 App. Div. 486) and payments to jewelry experts and to detectives employed to investigate and report as to the character of a witness (Matter of Reilly v. Berry, supra) were all disallowed.
In 1918, the Legislature amended section 308 (L. 1918, ch. 242) to permit the employment of experts. Their employ *136 ment is strictly confined. “Upon a showing of defendant’s financial inability, an application may be addressed to the justice presiding or to the court of trial or judge or justice thereof, for permission to employ necessary experts to be called as witnesses, in a number not exceeding such witnesses of the prosecution and in any event not more than two on an affirmative issue incumbent on the defendant where the prosecution has not indicated any number of experts to be employed ”. (People v. Fernandez, 202 Misc. 190, 195.)
The purpose of the amendment is clear.
“ The Legislature had in mind what is a matter of common knowledge, that upon the trial of certain issues, such as insanity or forgery, experts are often necessary both for prosecution and for defense. In these and like cases, a defendant may be at an unfair disadvantage if he is unable because of poverty to parry by his own witnesses the thrusts of those against him. The statute restores the balance, and makes the two contending forces equal. If in fairness it should go farther, it has not done so yet.” (Matter of Reilly v. Berry, supra, p. 461.)
The defendant’s counsel requests permission to retain the services of a photographer and an engineer. Although no reason is assigned, it is safe to assume that photographs and/or a survey and diagram of the alleged scene of the homicide is desired. Such items have been held to be “ personal and incidental expenses ” of counsel. (Matter of Montfort, 78 App. Div. 567.) “In any event the language of section 308 of the code contemplates that the expenses be first incurred and that a statement thereof be filed with the clerk of the court before being allowed, otherwise the court would be called upon in effect to issue a blank check.” (People v. Brown, 206 Misc. 430, 431.)
The request for permission to employ two doctors does not disclose the reason therefor.
Unless and until the prosecution calls or indicates its intention to call experts as witnesses, this court is without jurisdiction to direct the employment of experts for the defense. (People v. Bellenger, N. Y. L. J., March 21,1939, p. 1289, col. 5.)
Section 308 also provides that “ where the affirmative presentation of evidence on the issue is incumbent on the defendant, and the prosecution has not indicated any number of experts to be employed, the court or judge may upon satisfactory proof of the necessity therefor, permit the employment of an expert or experts not to exceed two in number ”.
Counsel for the defendant makes his oral application in open court apparently on the theory that it may be made orally or *137 by formal application. Matter of Reilly v. Berry (250 N. Y. 456, supra) is not authority for an oral application. In that case, the court found the allowance of the fees of the experts to be improper, saying (p. 460): “The statute imposes two conditions before the fees of experts may be made a charge upon a county. The court or a judge thereof must direct the employment of the witnesses. The number must not exceed the number sworn or to be sworn for the prosecution. Neither condition was obeyed. The direction for the employment of experts should have been entered in the court’s minutes or else embodied in a written order signed by the presiding judge * * * If that defect were disregarded, another would remain. No expert witness was called for the prosecution, nor was there ever any thought or expectation that the prosecution would stand in need of such a witness. The order, even if granted retrospectively, would thus violate the statute.”
Before this court can open the public purse for the employment of experts by an indigent defendant, a clear warrant of law must appear. (People ex rel. Rand v. Craig, 231 N. Y. 216, 221.) In the absence of “ satisfactory proof of the necessity therefor ” or an indication that experts will be called by the prosecution and their number, or what ‘ ‘ affirmative presentation of evidence on the issue is incumbent on the defendant ”, this court is in no position to grant the application made orally.