John J. Walsh, J.
The defendant herein was convicted of the crimes of murder in the second degree and arson in the first degree after a trial by jury in 1957. On May 18, 1961, the Court of Appeals reversed said judgment of conviction and ordered a new trial (9 N Y 2d 924). The basis of that reversal was that any reference to previous convictions should have been deleted from the indictment in the third count which charged the crime of arson in the first degree.
The original indictment charged the crime of murder in the first degree and the crime of arson in the first degree. The second count of the indictment was dismissed by the court at the end of the People’s case. This second count alleged a felony murder.
Upon the return of the defendant to this court on September 11, 1961, the defendant indicated that he was without funds and requested the assignment of counsel pursuant to section 308 of the Code of Criminal Procedure. The court assigned counsel who have made a series of motions as follows:
1. A motion to withdraw his plea of not guilty for the purpose only of interposing a demurrer to the indictment. Motion denied.
2. A demurrer to the indictment. Demurrer disallowed. The case has reached a point beyond the demurrer stage. (Code Grim. Pro., § 322.)
3. A motion to dismiss the indictment. Defendant asks that the first count of the indictment be dismissed. This charges the crime of murder in the first degree, in that, on May 16, 1957 in the City of Borne, defendant ‘ ‘ wilfully, feloniously and with malice aforethought, and with deliberate and premeditated design to effect her death, did kill one Margaret Konono, in that knowing her to be in a building formerly known as White’s *92 Hotel, he did burn and set on fire the said building, thereby inflicting divers burns and wounds upon the said Margaret Konono, causing her to become asphyxiated as the result of which she died.”
Defendant argues that when the jury found defendant at the first trial guilty of murder in the second degree, they necessarily found him innocent of murder in the first degree and a retrial on this count would constitute double jeopardy. He cites the case of Green v. United States (355 U. S. 184) wherein the Supreme Court of the United States held in a 5 to 4 decision that it was double jeopardy under the Federal Constitution to retry a defendant for murder in the first degree after he had been so tried once, convicted of murder in the second degree, and that conviction reversed on appeal.
While the facts in the Green case are strikingly similar to the one at bar, and the wording of the Federal Constitution parallels that of the State Constitution, the recent case of People ex rel. Hetenyi v. Johnston (10 AD 2d 121 [1960]) appears determinative of this branch of the motion. There, the Third Department held that the Green case did not apply in New York because of the State Code of Criminal Procedure provisions:
1‘ The granting of a new trial places the parties in the same position as if no trial had been had. ” (§ 464.)
‘ ‘ When a new trial is ordered, it shall proceed in all respects as if no trial had been had.” (§ 544.)
“It is well-settled law in this State that when a defendant procures a reversal of his conviction and sentence for legal error at trial, he may not plead the former proceedings in bar to a second trial for the same offense. Upon reversal, the defendant is deemed to be in precisely the same position as though there had been no trial * * * and he may be retried upon the original indictment even as to those higher degrees of crime of which he had been acquitted by the jury at the first trial ” (People v. Ercole, 4 N Y 2d 617, 620).
Motion denied.
The motion to dismiss the second and third counts of the indictment are likewise denied for the same reason. The court does not at this time pass upon the question of what effect the dismissal of the second count upon the trial has at the present time.
The allegations of prior felony convictions must be deleted from the third count of the indictment. No such motion is presently before the court.
4. The motion to inspect the Grand Jury minutes is denied. No adequate ground appears therefor.
*93 5. The motion to employ expert witnesses pursuant to section 308 of the Code of Criminal Procedure is premature. Until there is a clear indication of the number and character of the expert witnesses to be called by the People, this court is in no position to grant the application. (See People v. Scott, 17 Misc 2d 134 [Oneida County Court].)
That portion of the motion which asks for daily copy of the testimony will be granted. Submit order accordingly.
6. The motion for an order granting defendant’s counsel permission to inspect all of the evidence and exhibits used by the prosecution at the time of the first trial is granted. In all other respects, the application is denied.
7. Motion for an order granting defendant an extension of time until November 15,1961 for the commencement of the trial is denied. The crowded condition of the Oneida County Criminal Calendar will not permit such extension. Counsel were assigned on September 11, 1961 under the specific understanding that the trial would commence on October 2 and a panel of prospective jurors has been ordered to report on that date.