John D. Bennett, J.
By decision of the court dated December 18, 1974 in this guardianship proceeding brought by an authorized agency under section 384 of the Social Services Law of New York counsel were directed to submit memoranda concerning the court’s power to compel the appropriation of funds to pay for legal representation by guardians ad litem of infants who are or have been the responsibility of the New York City Department of Social Services, a party hereto.
The relief sought in proceedings such as this is to deprive one or both parents of all rights in a minor child. An important incidental responsibility which devolves upon the court is the welfare and best interests of the minor child. A parent has a right to be represented by counsel in such a proceeding and, if indigent, to have the court appoint an attorney to advise and represent the parent. That representation is at the expense of the local county taxpayers under section 722-b of the County Law which is made applicable to these proceedings by section 621 of the Family Court Act.[1] There is, however, no similar statute authorizing reimbursement to an attorney appointed to represent the infant and its interests.
In this particular matter the court ultimately granted the petition and terminated the parent’s rights, finding that the minor child should be released for adoption. Upon appointing the guardian ad litem the court stated in a decision that such appointment would be "at the expense of the New York City Department of Social Services”. The child was born in Bronx County and the proceedings here were instituted at the direction of the Family Court in New York County. The New York *988 City Department was represented by the Corporation Counsel from the beginning.
The court often finds it necessary to have counsel represent a minor child in proceedings such as this and was required for the protection of the infant here to conduct two separate hearings. The mother defaulted but the circumstances recited in the papers and agency records caused grave concern as to jurisdiction, questions of identity of the mother and who was responsible for the legal custody of the minor child. In situations like this a guardian ad litem becomes an "arm of the court”, so to speak. He is expected to investigate thoroughly the background facts concerning the custody and history of his ward from the time of birth and the nature of various legal and other proceedings which took place before and up to the time this court’s jurisdiction was invoked. He is expected to confer with the parent and any other persons who might be witnesses; to examine such witnesses who are or can be produced, since that is the only method available to bring out the facts which may affect the child’s interests for the court’s information. He is then expected to file objections (if in his ward’s interest) and in any event must file a complete report with the court.
In an early decision the court pointed to some of the doubts and contradictions which required proof. The first hearing, rather than clearing up the questions, resulted in further complications and contradictions especially in the agency records, which called for further investigation and clarification. These things are mentioned here to indicate only briefly the extent to which a court is required to depend upon the professional ability and efforts of an attorney whose sole purpose should be to advocate the cause and rights of the infant; to see that all questions necessary to be raised are raised, and submitted for decision by the court. The attorney for the infant must be strictly an advocate and his efforts should not be left merely to his charitable instincts, and accordingly he should be compensated, at least to the same extent as counsel who are appointed and paid to act for an indigent adult.
In this case the infant was born on January 4, 1971 at a city hospital in the Bronx. Even with the efforts of counsel this court still remains unaware of the child’s whereabouts or in whose care the infant was during the first five months of life. The petition stated merely that the baby had been placed by *989 the Commissioner of Social Services of the City of New York with the petitioner agency some five months after birth and then was placed two months later in a foster home. In a pretrial conference the court was told that the city Department of Social Services and its Bureau of Child Welfare did not have custody of the child in that five-month period. The agency records, when later introduced in evidence indicated that the mother repeatedly had complained that the child had been secreted from her at the hospital by a person or persons unknown. The petition stated affirmatively that the infant since birth had been maintained and supported "financially and otherwise” by the Department of Social Services of New York City and by the petitioner. The city Social Services Bureau had also stated in its certificate that the mother wanted the child returned to her and that the mother had sole legal custody. The court therefore was justified in expecting an attorney to investigate and ascertain the true facts and advocate the best interests of the infant.
Ultimately after the second hearing and the continued default of the mother, the court was satisfied that the custody of the child should be taken from the mother and that the agency petitioner should be authorized to place the child for adoption without her consent.
The court is not satisfied though, at the prospect of continuing to impose upon the generosity and charity of attorneys to properly represent infants in this court. In the Family Court attorneys represent infants in most situations under the title of "Law Guardians” (See Family Ct. Act, art. 2, part 4 wherein it is stated in § 241: "This act declares that minors who are the subject of family court proceedings should be represented by counsel of their own choosing or by law guardians. This declaration is based on a finding that counsel is often indispensable to a practical realization of due process of law and may be helpful in making reasoned determinations of fact and proper orders of disposition. This part establishes a system of law guardians for minors who often require the assistance of counsel to help protect their interests and to help them express their wishes to the court.” The sections of part 4 which then follow the above statement of legislative policy cover in detail the appointment and compensation of law guardians who, significantly enough, are paid by the State of New York "within the amounts appropriated therefor” (Family Ct. Act, § 248).
*990 As aptly pointed out in the Corporation Counsel’s memorandum at common law, attorneys were obligated to represent indigent parties without compensation (People ex rel. Acritelli v Grout, 87 App Div 193, 196, affd 177 NY 587; People v Fernandez, 202 Misc 190; People v Marx, 10 Misc 2d 1053).
The rule of statutory construction is that a statute in derogation or contravention of the common law is to be "strictly construed, to the end that the common law system be changed only so far as required by the words of the act and the mischief to be remedied.” (McKinney’s Cons. Laws of N.Y., Book 1, Statutes, § 301, subd. a and the cases cited thereunder; see also subdivision b.) Many cases are cited by the Corporation Counsel in support of the rule of strict construction as applied to compensation of attorneys assigned to indigents (Reilly v Berry, 250 NY 456; People ex rel. King v McNeill, 30 Misc 2d 566, cert den 370 US 932; Matter of Grossman, 261 App Div 1112, app den 262 App Div 977; Matter of Snitkin v Taylor, 276 NY 148; People v Burns, 28 AD2d 1039; People v Perry, 27 AD2d 154). Matter of Sullivan (297 NY 190) is cited by the Corporation Counsel as holding that a court is without power to direct payment by the government for services rendered by assigned counsel in the absence of specific legislation (see summary of that case at 59 ALR3d 621). Jacox v Jacox (43 AD2d 716) is a 1973 decision in the Second Department cited in support of the same proposition in matrimonial actions.
Statutory authority not having been suitably extended to enable Judges of the Surrogate’s Courts to provide for adequate compensation of counsel serving as guardians ad litem where no estate or fund exists the City of New York will not be required to pay the compensation of the guardian ad litem. However, the court recommends that appropriate legislation be enacted to amend SCPA 405 so as to authorize the court to assess appropriate costs including guardian ad litem compensation against any party to a proceeding in this court. This would make that section the same as CPLR 1204.
No order need be submitted unless desired by counsel, in which event, settle order on five days’ notice with three additional days if service is made by mail.

. In this case the parent never appeared and did not request appointment of counsel.